# In the United States Court of Federal Claims
BID PROTEST

|  |  |  |
|---|---|---|
| PACIFIC ENGINEERING INC., | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-1115C |
| v. | ) | (Filed Under Seal: July 31, 2025 |
| | ) | Reissued for Publication: August |
| THE UNITED STATES OF AMERICA, | ) | 11, 2025) * |
| Defendant, | ) | |
| and | ) | |
| BAE SYSTEMS LAND & ARMAMENTS L.P., | ) | |
| Defendant-Intervenor. | ) | |

**OPINION AND ORDER**

    Before the Court in this bid protest is an application for access to information under protective order submitted by Anjali Chaturvedi, in-house counsel for Defendant-Intervenor BAE Systems Land & Armaments L.P. ("BAE"), and BAE's parent company BAE Systems, Inc. ("BAE Systems"). Def.-Intervenor's Appl. for Access to Info. Under Protective Order by Anjali Chaturvedi [hereinafter Appl. for Access], ECF No. 17. Plaintiff Pacific Engineering Inc. ("PEI") has filed an objection to Ms. Chaturvedi's application. Pl.'s Obj. to Appl. for Access [hereinafter Pl.'s Obj.], ECF No. 19. It contends that this procurement is "highly competitive and sensitive," that PEI's proposal is highly proprietary, and that there is a "significant risk of inadvertent disclosure of PEI's proprietary material in light of Ms. Chaturvedi's position as 'VP & Associate GC, Litigation & Investigations' for BAE and BAE Systems." Id. at 2 (quoting Appl. for Access at 1). It further contends that BAE has "failed to demonstrate any compelling need for inside counsel to gain admission to the protective order given BAE's representation by competent outside bid protest counsel," and that there has been no demonstration that Ms. Chaturvedi has particular expertise with respect to the matters covered by the contract. Id. at 2.

---

* Pursuant to the Protective Order, ECF No. 10, this opinion was originally issued under seal, and the parties were given the opportunity to request redactions. The parties have not proposed any redactions. ECF No. 39. Therefore, the Court releases the opinion in full.

For the reasons that follow, the application for access to information under protective order by Ms. Chaturvedi, ECF No 17, is **GRANTED**.

## DISCUSSION

In determining whether an applicant should be granted admission to a protective order, "the court will consider such factors as the nature and sensitivity of the information at issue, the party's need for access to the information in order to effectively represent its position, the overall number of applications received, and any other concerns that may affect the risk of inadvertent disclosure." RCFC Appendix C ¶ 18(c).

The parties agree that the information in this case is of a highly sensitive and proprietary nature. They also agree that its inadvertent disclosure would be harmful to PEI. PEI does not deny that BAE needs access to the protected information to effectively represent its position. BAE and PEI differ, however, regarding the extent to which BAE needs Ms. Chaturvedi's services, and whether her access poses an unacceptable risk of inadvertent disclosure.

Ms. Chaturvedi is Vice President and Associate General Counsel for Litigation, Investigations, and Government Relations for BAE Systems, and works out of an office in Falls Church, Virginia. Appl. for Access at 3. She "provide[s] litigation support and advice to numerous BAE Systems subsidiaries, including the protester, [BAE]." Id.

The largest part of Ms. Chaturvedi's work involves oversight of the conduct of civil litigation initiated against and by BAE Systems in federal and state courts. Id. "[S]he also oversee[s] BAE Systems' response to subpoenas and other Government requests for information, internal investigations, defense of claims under the Civil False Claims Act, and resolution of Government contract claims." Id. Lastly, she "support[s] the Government Relations team in connection with its lobbying and political action committee issues." Id.

Significantly, it is undisputed that Ms. Chaturvedi "do[es] not provide advice or counsel regarding competitive decision making or other business decisions to BAE Systems, Inc. or any of its subsidiaries," including the protestor BAE. Id. at 1, 3; see also U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984) (defining competitive decision-making "as shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor"). Her direct supervisor is Alice Eldridge, the Senior Vice President and General Counsel for BAE Systems. Appl. for Access at 3. Unlike Ms. Chaturvedi, Ms. Eldridge is involved in competitive decision-making matters. Id. Her office is also in Falls Church, two floors above Ms. Chaturvedi's. Id.

There are a total of seven in-house attorneys for BAE Systems working on the same floor as Ms. Chaturvedi in the Falls Church office. Id. None of them are involved in competitive decision-making in government contract-related matters. Id. "The nearest person involved in competitive decision making in terms of physical proximity is Kevin McCann, the Vice President of Contracts. Mr. McCann has an office on the same floor as [Ms. Chaturvedi], but he primarily works remotely." Id. at 4.

There can be no dispute that BAE needs access to the information covered by the protective order to effectively represent its position. Further, and contrary to PEI's contentions, the fact that BAE already has competent outside counsel representing it in the protest does not give rise to a requirement that BAE demonstrate that it has a "compelling need" for the services of in-house counsel. See Pl.'s Obj. at 2. As BAE observes, in-house litigation counsel have "broader corporate knowledge and experience" which allows them to "exercise judgment and advance the company's best interest . . . in ways that outside counsel simply cannot." Def.-Intervenor's Reply, ECF No. 30, at 5; see also U.S. Steel, 730 F.2d at 1468–69 (holding that "denial of access sought by in-house counsel on the sole ground of their status as in-house counsel is error," and that the decision whether to admit counsel into a protective order is determined on a "counsel-by-counsel basis," based upon a determination whether "an unacceptable opportunity for inadvertent disclosure exists").

Further, the risk of inadvertent disclosure of protected information is negligible. As BAE explains, "following substitution of counsel, only Ms. Chaturvedi and three outside counsel will maintain access to protected information." Def.-Intervenor's Reply at 4. Moreover, although Ms. Chaturvedi's immediate superior is involved in competitive decision-making, see Appl. for Access at 4, Ms. Chaturvedi is not. As the Federal Circuit has observed, the standard for determining whether an applicant is involved in "competitive decisionmaking" "is not 'regular contact with other corporate officials who make 'policy,' or even competitive decisions, but 'advice and participation.'" Matsushita Elec. Indus. Co., Ltd. v. United States, 929 F.2d 1577, 1580 (Fed. Cir. 1991). Ms. Chaturvedi does not provide advice about competitive matters, nor does she participate in discussions about such matters. Appl. for Access at 4.

Finally, Ms. Chaturvedi has vowed to take protective measures to prevent inadvertent disclosure of protected information. She has committed to not "review, store or possess protected material at [her] office" and to only receive and review material at her home, outside counsel's office, or "other locations away from any BAE Systems facility." Id. The Court has no reason to doubt those representations, especially in light of the fact that Ms. Chaturvedi has in the past been admitted to protective orders at both the Court of Federal Claims and the GAO, and there is no allegation that she did not comply with them. Def.-Intervenor's Reply at 7.

## CONCLUSION

For the foregoing reasons, Ms. Chaturvedi's application, ECF No. 17, is **GRANTED**.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge
